Jubge Rowan
delivered the opinion of the court.
This was an action on the case, in which plaintiffs claimed of defendants, (Anderson as executor, Betsey and Pa-melia as heiress and devisee of Edmund Bacon, dec’d.) $2601. The declaration contained three counts. The first count exhibits, in substance, the following case, viz: That on the first day of August, 1814, in a colloquium between and among Landwell Richards, Richard Winchester, Edmund Bacon, and the plaintiffs, it was agreed by and between the three former and the plaintiffs, that in consideration that the plaintiffs (who were merchants) would sell and deliver to the said Landwell Richards, merchandise to the value of $2601, that He, the said Richards, to secure ihe payment therefor, should make his note payable and ne-gociable at the bank of Kentucky, twelve months after date, to the said Richard Winchester; that he, the said Winchester, should, by his endorsement on the back thereof, assign the same to the said Bacon, and that he, the said Bacon, should, by his endorsement thereof, assign the same to the plaintiffs: that, in consideration that the said Richards, Winchester and Bacon, did agree, respectively, the first to make the promisory note, and the others to assign it by endorsements, as aforesaid, the plain *536 tiffs did sell and deliver to the said Richards, merchandise! °f ^le va^ue and t0 the amount of $2601; and that, in con» sideration of such sale and delivery,, afterwards, viz. on the 1st day of August, 1814, the said Richards did make his promisory note to the said Winchester, for $2601, bearing date the day and year aforesaid, payable and negocia-ble twelve months thereafter, at the bank of Kentucky: that the said Winchester and Bacon; in consideration of the sale and delivery of the merchandise aforesaid, by the plaintiffs aforesaid, to the said Richards, did, on the said 1st day of August, 1814, transfer and assign the said promisory note, the said Winchester to the said Bacon,- and the said Bacon to the plaintiffs, by endorsements respectively made oil the back thereof, by each, under his proper name and signature: that the said promisbry note was, by plaintiffs, lodged in the bank of Kentucky for collection and payment: that the said Landwell did not pay off the same when it became due, nor did either of the assignors aforesaid, or any bther person; make payment thereof: that the said note was duly protested for non-payment; of all which the defendants had notice: that, on the 6th day of January, 1815, the said Bacon, having made his last will and testament, departed this life: that, by the said will, the defendant, Anderson, was made executor thereof; and, that the defendants, Betsey and Pamelia, were the devisees of the said Edmund: that Betsey was, moreover, his heir at law: that the said Anderson qualified as executor under the said will: that the said Landwell Richards, having been arrested upon an execution, upon a judgment in the name of the plaintiffs, obtained by them against him upon a note of the same date, for the same amount, with the same endorsers, payable six months after date, delivered a schedule of his property and effects, amounting to $96 16, took the oath of an insolvent debtor, vyas discharged therefrom, and left the state before the 4th day of August, 1815, that he was then insolvent, and has continued so, and out of this state ever since, so that the amount of the aforesaid promisory note could not be received or recovered of him, whereby a right accrued to plaintiffs to have and demand the a- • mount of the note aforesaid, from the said Edmund. It concludes with the averment, that the defendants, by reason of the premises, became liable, and being so liable, assumed, &c.
The second count alledged that the said Landwell Rich* *537 ■srds was, on the 1st clay of August, 1814, indebted to plain* tiffs another like sum, for goods, wares, &c. before that timé by fhem sold and. delivered to him, at his special instance and request, and that the said Richards; in consideration thereof, and for the.purpose of securing to them the payment of the aforesaid sum of $2601, made his promisory note for the sum aforesaid, to Richard Winchester, payable twelve months after date, at the bank of Kentucky: that the said Richard Winchester, on the 1st day of August, 1814, the day of thé daté Of said note; in order to secure to plaintiffs the payment of the amount thereof, did, at the special instance and request of the said Richards, by endorsement on the back thereof, assign the said note to Edmund Bacon, for value received; and that the said Edmund did, at the like special instance and request of the said Landwell, in order to secure to plaintiffs the payment of the aforesaid sunt, in like manner, for value received, assign the said note to plaintiffs; and that the said Edmund did then and there assume upon himself, and to plaintiffs faithfully promise, that if the said Landwell should not pay, or be unable to pay the said sum of $2601, twelve months after the date of the said note, and they, the said plaintiffs, should he unable to receive and recover the same, that he would well and truly pay and content the same to plaintiffs, when thereto, afterwards, requested: that the said Land-well, long before the said note became due, became insolvent and left the state, that he has continued out of the state and insolvent, and still continues só: that plaintiffs cannot receive and recover the amount from said Landwell: that the said Edmund made his will, appointed defendant Anderson his executor, and Betsey and Pamelia Ins devisees, and departed this life: that Anderson qualified as executor, and Betsey is heir at law to the said Edmund: that the defendants had notice of the matters aforesaid, and that a right accrued to plaintiffs to demand and have of said defendants the aforesaid sum of $2601, and that being liable, they assumed, &c.
The third count alledges the sale and delivery of goods, &c. to Landwell Richards to the amount of $2601, at the special instance and request of the said Edmund, and that the said Edmund being so therefor indebted, assumed, &c.
To this declaration the defendants (the two latter by their guardian ad litem) demurred, and pleaded non-assump-sit, to which demurrer and plea the plaintiffs filed their *538 joinder. The court süstained the demurrer as to {he &e-* coiyl and third counts, and overruled it as to the first. Upon the trial of the cause upon the issue joined upon the first count, the plaintiffs proved no express promise on the part of the defendants, but relied upon the promise implied by law, from the undertaking of the said Edmund by his endorsement upon the said note. The court, upon the motion of defendants’ counsel, instructed the jury, 1st. that if the plaintiffs failed to prove notice to the defendants of the protest of the note declared oñ, they could not recover in this action: 2d. that if the said plaintiffs failed to prove that Landwell Richards was out of the commonwealth at the time the note declared on became due, they ought to have brought suit against him, and not having done so, they are not entitled to recover in this action. . To which plain-1 tiffs excepted. The jury found for defendants, and plain-: tiffs appealed.- The note declared on is proffered in the two first counts, and in the first recited verbatim. The assignment of errors, questions the correctness of the opinion of the court below in sustaining the demurrer of defendants to the' second and third counts of plaintiffs’ declaration, and in the instructions given to the jury upon the trial of the issue.
A consicer-a.tionis indis-p'ensible to maintain an assumpsit, but a b-.neflt toone,orirow-tie or injury to ⅛ other party, isasuf ficient consideration.
Theeador-ser of a note makes an im-amount^ifUie (kawer-iscun- ,
The causes of demurrer, as specified therein, are 1st: that the declaration unites ⅛ itself two seperate causes of action, part on the assumpsit of Edmund Bacon, and part on the assumpsit of the defendants; and 2dly, that the declaration shews no cause of action against the defendants. Promises are either express or implied, and a consideration deemed valuable in law, ⅛ indrspensibls to the validity of either. A consideration to sustain an action on a promise, must be either a benefit to the party making the promise,- or some trouble or prejudice to the party to whom it is made.
The second count in this case, toe think, states with competent preeisioh, a sufficient consideration, and a valid promise. The promise on the part of Bacon is implied from his assignment to plaintiffs, of the note of Richards, on the back thereof, for value received, and must be interpreted a promise to pay the amount of said note, in case of the insolvency of Richards,or of any act on his own part, Which should render it impracticable for them to recover the amount thereof from him. His insolvency and removal from the state before the said note became due, the nos- *539 fjayment of the note when it was due, and the existence' and continuance of those obstructions to the recovery of its amount trom Richards, are suihciently alledged, and taken (as they must be on demurrer) to be true, would, were Bacon alive, constitute a good cause of action against him. That cause cannot be considered as diminished or impaired fay his death, but to continue in proprio vigore against his representatives. By the death of Bacon, the operation of the law and his will, his estate was devolved upon his ecutor, devisees and heir; but it passed into their hands, subject to the just debts of their antecessor. By a statute of this commonwealth, they may be united as defend* puis in any action brought by his creditor; and in their case,Vas in every other where the law vests or permits the vesture of funds, subject to the just claims of others, it implies a promise on the part of the persons thus vested, to apply the funds to the discharge of the claims. The promise alledged in this count, on the part of the defendants to pay the claim of plaintiffs, must be considered as one of this character, apd not as made by defendants in their individual capacities. It is not expressly alledged, it is true, to have been made by them in their fiducial character; but, connected with the antecedent matter, it must, we apprehend, be so taken. But taken to have been made in their individual character, it would be void for the want of consideration, as well upon the principles of the common law,-as by express-provision of the statute against frauds and perjuries, and could be viewed in no other light than as sur-plussage, which does not vitiate, we are, therefore, of opinion, that this count contains, substantially, a good cause of action, and that the demurrer thereto was erroneously sustained.
veJchear]!f1'(r mova!^from the state of *
fP things "are delivered to one J>ersc>m £“⅛⅝°”r reqUest of ano-t!,er> l!ie aswhose credit the anides „0tcoJiaterat’. VideS l’. ftt g^rcrv ¾3* 3Wiis ¿30?; 3 Btirr.'18S§v
The only question which we can glean from flip second count or upon the demurrer thereto, is, whether the undertaking therein alledged was of a direct or collateral sort. We think the allegation therein is clear, that the goods were sold and delivered at the request, and upon the credit, of Bacon, that his promise to pay therefor, was a promise to pay his own debt, and not the debt of another. fWe take the law to be clear, that when the debt is created at the instance, and upon the sole credit, of an individual, his promise of payment is obligatory upon him, and competent, {although in parol,) in connection with the consideration, to sustain a recovery. The allegation is not that Baccut *540 promised to pay the debt of Richards — in that case the-promise would have been void, as well on account of its Paro* character, as for the want of consideration: But as above stated, to pay a debt created by the sale and delivery of goods, at bis request and upon his credit./ We thinkf therefore, that the court erred also, in sustaining the demurrer to the third count. ⅝
A note negotiated in and'need^oi be protester, tosubjectthe üísifí’ior; biit at bank, but not negotia-notathelfc 1⅜ tile paper. ' ^
-> kine^'tbe o-ltU of an'insolvent debt- or, amt remo-sute per sc, subjects the ®'ldi°r*er,s •. ¡JJiainst' ük* ojjiigor.
a,'e, likewise, of opinion, that the court below erred in the instructions which they gave to the jury upon the of the issue upon the first count in the plaintiffs’ dec-Íaratlon- Tlie allegation in that count/that the note was protested at bank for non-payment, was entirely unncessa-ry and useless. When a note is negociated at bank, it as-6umeSi hy force of the statute chartering that institution, the character of a bill of exchange, and must, thereafter, be considered and acted on, by all concerned, as a mer-cant**e PaPer of that character: But when it shall not be negociated at bank, the circumstance of its having been made payable at that place, cannot change its character, or alter the duties or liabilities of the payor, endorsers or payee. If the protest of the note for non-paymeut was unnecessary, then was the allegation of that fact in the declaration, and of the notice thereof to the defendants unnecessary, and both being unnecessary, the proof thereof must have been, consequently, unnecessary, and the requisition of that proof by the court, of course erroneous. It was averred in the count under which the trial was had, that Richards, the promissor in the said note, was, at the time for the payment thereof, insolvérit and out of this commonwealth; that having been arrested upon a ca. sa. for $36⅞1, had, on the 6th day of July in that year, delivered in a schedule of his property, amounting to $96 16, taken the oath of an insolvent debtor, and been discharged from cdstody. The discharge of an insolvent debtor under our statute, is a judicial act, of a record character, arid is in its na,ure’ as must be in contemplation of law, the most; satisfactory evidence of the insolvency of the person discharged. Like other judicial proceedings, it is conclusive up0tl t[le parties thereto and their privies. Bacon’s representatives must be considered as privies, be having signed to plaintiffs the note upon vvhich the judgment was obtain-⅝ on which the ca. sit. issued. The absence of Richards fr°m Ike state, it was admitted by the defendants and the court, would have entitled the plaintiffs to recover in this *541 action. And why? Evidently because a recovery from him of the amount of the note, was thereby rendered impracticable. Did not the utter insolvency of Richards render the recovery at least as impracticable? In the one case he might be solvent, but could not be served with process — could ®ot be sued. In the other, he could be sued, but the suit would be unavailing — rwould be a useless waste of time and expenditure of money. In the one case the plaintiffs might have proceeded by attachment, and might, possibly, have made their money or a part of it: In the other they could, by no possible mode of proceeding, have made any part of it. The law requires of no person that he should do a vain or idle act. To have sued Richards, had he been in the state, would have been worse than idle — it would have been to increase the demand of plaintiffs against defendants, by the amount of costs incurred by them in the suit. If it be alledged that Richards might have gotten in prosperous circumstances and able to pay the debt, it is replied, that the law will never presume a fact that is improbable — if it was so, it was susceptible of proof, and should have been proved by defendants. In fine, we think that the arrest of the body of a debtor, under a ca. set.; his surrender of his property by schedule under oath, and his discharge by the magistrate as an insolvent, pursuant to the statute, is competent and Satisfactory evidence of his insolvency, in a suit by the assignee against the assignor. It is not only as high evidence as any which has been heretofore required, in cases of that kind; but is, in its nature, better calculated to convince ^reasonable mind of the fact of insolvency, than the testimony usually required. It adds, upon that fact, to the inferences drawn from the unavailing efforts of the law, addressed to his body and his property, the equally unavailing result of the most searching address which can be made to his mind or his conscience.
It is, therefore, considered by the court, that the verdict and the judgment of the court below thereon and upon the demurrer, be reversed, set aside, and held for naught, that ihe cause be remanded for further proceedings to- be had IJierein,' not inconsistent with the foregoing opinion.